Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel XII

| MARIA VICTORIA ROBLES CASTILLO<br>Peticionario<br><br>v.<br><br>GOBIERNO MUNICIPAL DE MAYAGUEZ Y OTROS<br>Recurrida | TA2025CE00916 | CERTIORARI PROCEDENTE DE UNA RESOLUCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE MAYAGÜEZ<br><br>Caso Núm. MZ2024CV01655<br><br>Sobre:<br>Acoso Laboral (Ley 90-2020) |

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Adames Soto, Juez Ponente

## RESOLUCION

En San Juan, Puerto Rico, a 20 de enero de 2026.

Acude ante nosotros la señora María Victoria Robles Castillo (señora Robles Castillo o peticionaria), solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Región Judicial de Mayagüez, (TPI), el 14 de noviembre de 2025. El foro primario declaró No Ha Lugar una solicitud de la señora Robles Castillo para enmendar la Demanda presentada contra el Municipio de Mayagüez, su alcalde y varios empleados de la alcaldía (recurridos). Adelantamos que, examinada la totalidad del expediente, hemos decidido *Denegar* expedir el recurso solicitado, pues no apreciamos abuso de discreción en la determinación recurrida.

## I. Recuento Procesal

El 24 de septiembre de 2024 la señora Robles Castillo presentó una Demanda contra los recurridos, alegando que estos incurrieron en conducta constitutiva de acoso laboral, según definido por la Ley Núm. 90-

2020, y que tomaron represalias contra esta, conducta proscrita por la Ley Núm. 115-1991.[1] Según se desprende de la Demanda, los recurridos presuntamente trasladaron a la señora Robles Castillo de su área de trabajo a una oficina en malas condiciones, le disminuyeron su carga laboral e impedían que ella realizara su trabajo. Esto, entre otras alegadas conductas lesivas al bienestar de la señora Robles Castillo.

Los recurridos presentaron ante el TPI dos mociones de desestimación, el 8 y 22 de noviembre de 2024,[2] respectivamente. La primera de estas alegaba que la señora Robles Castillo no había cumplido con los requisitos del Artículo 10 de la Ley 90-2020, defecto que privaba al TPI de jurisdicción.[3] La segunda moción de desestimación alegaba que la demanda dejaba de exponer una reclamación que permitiera conceder un remedio bajo la Ley 115-1991.[4] La señora Robles Castillo se opuso a ambas el 26 de diciembre de 2024.[5]

El 31 de enero de 2025, el TPI emitió una resolución donde concluyó que se habían cumplido con los requisitos de la Ley 90-2020, por lo cual tenía jurisdicción para atender la reclamación.[6] En consecuencia, declaró *No Ha Lugar* la moción de desestimación en la que los recurridos esgrimieron sobre ello. Sin embargo, meses más tarde, el 17 de marzo de 2025, el foro primario emitió una Sentencia Parcial acogiendo los planteamientos de la segunda moción de desestimación de los recurridos, encontrando que no estaban presente en la Demanda los elementos de la causa de acción al amparo de la Ley 115-1991.[7] A tono con esa determinación, desestimó con perjuicio dicha causa de acción. Este dictamen no fue reconsiderado ni revisado por ninguna de las partes, adviniendo final y firme.

---

[1] Entrada Núm. 1 de SUMAC.
[2] Entrada Núm. 8 de SUMAC; Entrada Núm. 9 de SUMAC.
[3] Entrada Núm. 8 de SUMAC.
[4] Entrada Núm. 9 de SUMAC.
[5] Entrada Núm. 14 de SUMAC; Entrada Núm. 15 de SUMAC.
[6] Entrada Núm. 24 de SUMAC.
[7] Entrada Núm. 29 de SUMAC.

Así las cosas, el 21 de marzo de 2025, los recurridos presentaron su Contestación a la Demanda.[8]

Superados varios trámites procesales, el 8 de octubre del mismo año, se celebró la Conferencia Inicial. Durante esta vista, y luego de que el Tribunal advirtiera que las alegaciones no explicaban bien el origen de la causa de acción por acoso laboral, la peticionaria expresó que estaría solicitando un término para enmendar la demanda.[9] El TPI accedió a la petición de esta, dando hasta el 23 de octubre de 2025 para someter la demanda enmendada y contestar un interrogatorio cursado.[10]

En efecto, el 23 de octubre de 2025, la peticionaria sometió una Moción solicitando autorización para presentar la Demanda Enmendada.[11] Sobre lo cual el TPI concedió cinco días a la peticionaria a someter la Demanda Enmendada, y quince a los recurridos para exponer su posición.

En cumplimiento, el 3 de noviembre de 2025 la peticionaria sometió la Demanda Enmendada, y los recurridos sometieron una Moción en Oposición a que se autorizara la Demanda Enmendada.[12]

Es así como, habiendo auscultado la Enmienda a Demanda solicitada, junto a los argumentos de las partes sobre ello, el tribunal *a quo* emitió la Resolución cuya revocación nos solicita la peticionaria, denegando las enmiendas a la demanda.[13]

En desacuerdo, la peticionaria acude ante nosotros mediante recurso de *certiorari*, señalando el siguiente error:

> El TPI cometió un grave error manifiesto de derecho y abusó de su discreción judicial al negarse a aceptar la Demanda Enmendada de la parte peticionaria (SUMAC 49, 45 y 44) amparándose en una supuesta dilación inexistente o causada por la parte recurrida.

---

[8] Entrada Núm. 30 de SUMAC.
[9] Entrada Núm. 43 de SUMAC.
[10] Íd.
[11] Entrada Núm. 44 de SUMAC.
[12] *Véase* Entradas Núm. 48 y 49 de SUMAC.
[13] Entrada Núm. 50 de SUMAC.

Habiéndole concedido término para ello, la parte recurrida también acudió ante nosotros mediante *Oposición a certiorari*.

## II. Exposición de derecho

### A. Expedición de certiorari

El auto de *certiorari* es el vehículo procesal discrecional mediante el cual un tribunal de mayor jerarquía puede revisar las determinaciones de un tribunal inferior. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728 (2016); *García v. Padró*, 165 DPR 324, 334-335 (2005). La expedición de un auto de *certiorari* descansa en la sana discreción del tribunal. *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 729. Como ha señalado el Tribunal Supremo, el auto de *certiorari* se distingue por "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Builders et al. v. BBVAPR*, 185 DPR 307, 338. Esta discreción no es irrestricta, sino que se debe de ejercer dentro del marco de la razonabilidad. *García v. Asociación*, 165 DPR 311, 321 (2005).

Por su parte, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece las circunstancias bajo las cuales el Tribunal de Apelaciones está facultado para ejercer su discreción y considerar un *certiorari*. Allí se pauta que, como norma general, los foros apelativos podrán revisar determinaciones bajo las Reglas 56 (de remedios provisionales) o 57 (de *injunctions*) de las Reglas de Procedimiento Civil y cuando se recurre de una denegación de una moción dispositiva. En adición, la Regla 52.1 establece unas circunstancias excepcionales que también habilitan la intervención del foro revisor. Estas son:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el

asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra.* De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40 del Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025),[14] se justifica expedir el recurso solicitado. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. García v. Padró, *supra,* pág. 335, esc. 15.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello,* 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC, supra,* pág. 730. Este reconocimiento de amplia discreción a los Tribunales de Primera Instancia para pautar y conducir la tramitación de los procedimientos ante su consideración supone que los tribunales apelativos nos abstengamos de tratar de dirigir tales asuntos en ausencia de abuso de discreción. Sobre lo mismo, nuestro Tribunal Supremo ha manifestado que la discreción que cobija al Tribunal de Primera Instancia en estas

---

[14] Esta Regla enumera los siguientes factores:

   A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

   B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

   C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

   D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.

   E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

   F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

determinaciones es amplia y sus decisiones merecen gran deferencia. *Citibank, N.A. v. Cordero Badillo,* 200 DPR 724, 735 (2018)*; Mejías et al. v. Carrasquillo et al.,* 185 DPR 288, 306-307 (2012); *García v. Asociación,* 165 DPR 311, 320 (2005); *Vives Vázquez v. ELA,* 142 DPR 117, 141-142 (1996).

## B. Enmiendas a las alegaciones

La Regla 13.1 de Procedimiento Civil establece el trámite procesal para enmendar las alegaciones. A esos efectos, la regla dispone lo siguiente:

> Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. 32 LPRA Ap. V, R. 13.1.

El Tribunal Supremo de Puerto Rico ha señalado que el requisito del consentimiento del tribunal para que una parte pueda enmendar sus alegaciones dependerá del momento en que se propone el cambio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 35 (2020). Conforme dispone la Regla 13.1 de Procedimiento Civil, *supra*, no hará falta la aprobación judicial si la enmienda se presenta previo a que se notifique una alegación responsiva. Íd. En todos los otros supuestos, será necesario obtener aprobación judicial para proceder a enmendar la alegación. Íd. Aunque el tribunal cuenta con discreción para conceder las solicitudes liberalmente, ejercitará su discernimiento guiado por los siguientes criterios rectores: (1) el impacto del tiempo transcurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada. *Id.*

De los cuatro (4) elementos antes mencionados, en *Colón Rivera v. Wyeth Pharm.,* el Tribunal Supremo de Puerto Rico insistió que "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de

autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184 (citando a *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 335 (2010)).

En atención a los criterios utilizados por las cortes federales para ponderar qué constituye perjuicio indebido al momento de conceder enmiendas a las alegaciones bajo la Regla 15 de Procedimiento Civil Federal, 28 U.S.C.A. R. 15, el Tribunal Supremo de Puerto Rico resolvió que "[o]curre perjuicio indebido cuando la enmienda: (1) cambia sustancialmente la naturaleza y alcance del caso, convirtiendo la controversia inicial en tangencial, o (2) obliga a la parte contraria a incurrir en nuevos gastos, alterar su estrategia en el litigio o comenzar nuevo descubrimiento de prueba". *Colón Rivera v. Wyeth Pharm.*, supra, pág. 204 (énfasis suplido). De otra parte, se entiende que un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. *S.L.G. Font Bardón v. Mini-Warehouse*, supra, pág. 336. Tampoco lo es, por sí solo, el tiempo transcurrido entre la presentación de la alegación original y su propuesta enmienda. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005).

## III. Aplicación del derecho a los hechos

Como se desprende del recuento procesal, el recurso ante nuestra consideración versa sobre un asunto interlocutorio sobre aspectos del manejo de caso, en lo específico, el referente a la consideración sobre si acceder o no a una enmienda a la demanda. Ya hemos señalado, por una parte, que, aunque la autorización para enmendar las alegaciones debe concederse liberalmente, a los tribunales se les ha reconocido amplia facultad discrecional para determinar sobre si las permite. *Colón Rivera v. Wyeth Pharm.*, supra, pág. 198. Es decir, al examinar si se justifica nuestra intervención con la Resolución recurrida, se debe partir del entendido de que ello comporta sopesar el ejercicio de la discreción que tienen los foros primarios al tomar determinaciones referentes al tema. Tal ejercicio, a su vez está atado al principio expuesto de que los foros apelativos no debemos

inmiscuirnos en las determinaciones discrecionales de los jueces primarios, salvo que se demuestre una actuación donde hubiese mediado prejuicio, parcialidad, o incurrido en un craso abuso de discreción. *Rivera y otros v. Banco Popular,* supra.

Visto el curso decisorio del tribunal *a quo* no apreciamos que revista indicios de prejuicio, parcialidad, error craso o manifiesto que habilite nuestra intervención. Comparadas las alegaciones contenidas en Demanda original *vis a vis* las añadidas en la Demanda enmendada, no logramos identificar el abuso de discreción en la determinación recurrida que justificaría nuestra intervención, de modo que debemos permitir que el proceso continúe sin interrupción.

## IV.    Parte dispositiva

Por los fundamentos que anteceden, *denegamos* expedir el auto de *certiorari.*

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones